IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

SAMIR MEKRAMI, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

BOSTON FOUNDRY, INC. d/b/a MADE IN
COOKWARE,

Defendant.

## DEFENDANT BOSTON FOUNDRY, INC. d/b/a MADE IN COOKWARE'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, with full reservations of all defenses, Defendant, Boston Foundry, Inc. d/b/a Made in Cookware ("Defendant"), hereby removes this civil action, and all claims and causes of action herein, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward, County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. In support of this Notice of Removal, Defendant states as follows:

## I.     Background

1.     On January 26, 2021, a putative class action was commenced by the filing of a Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA") in the Seventeenth Judicial Circuit in and for Broward County, Florida captioned *Samir Mekrami v. Boston Foundry, Inc. d/b/a Made in Cookware* (Case No. CACE-21-001722).

2.      This suit arises from Plaintiff's allegation that he received text messages purportedly placed by Defendant in violation of the TCPA.

3.      Defendant received a copy of said Complaint on February 2, 2021, when Defendant's agent for Service of Process was served. A true and correct copy of Plaintiff's Summons and Complaint are attached hereto as **Exhibit "A**."

4.      As all procedural and substantive requirements related to the removal of this action have been performed or otherwise satisfied, as reflected below, Defendant now timely removes this action to this Court.

**II.      Basis for Jurisdiction**

5.      This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. This claim should have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States."

6.      Plaintiff's Complaint asserts violations of a federal law, namely the TCPA.  *See generally* Ex. A.  The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012) addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States. As such, this Court has federal question jurisdiction over this matter.

7.      Moreover, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

**III.**      <u>**Defendant has Satisfied all the Procedural Requirements for Removal**</u>

8.      Pursuant to 28 U.S.C. § 1441(a), the present action may be removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

9.      Defendant's agent for service of process received a copy of the Summons and complaint on February 2, 2021. Defendant's Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

10.      Defendant will promptly serve a copy of this Notice of Removal upon all counsel of record and will file a copy of this Notice with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, pursuant to 28 U.S.C. § 1446(d).

11.      In accordance with 28 U.S.C. § 1446, copies of all process and papers served upon Defendant in the state court action have been attached to this Notice of Removal as **Exhibit "A**."

12.      Pursuant to 28 U.S.C. § 1446(d), a copy of Defendant's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Seventeenth Judicial Circuit Court in and for Broward County, Florida and is attached hereto as **Exhibit "B**."

**IV.**      <u>**Venue**</u>

13.      Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because this action was brought in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which is in the same place as the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

14.      Defendant hereby reserves all rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Fed.R.Civ.P. 12, as well as to amend or supplement this Notice of Removal.

**V.**        <u>**Conclusion**</u>

For the foregoing reasons, Defendant respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that the Court grant Defendant such other relief to which it is entitled.

Respectfully submitted,

**MOSKOWITZ, MANDELL, SALIM**
**& SIMOWITZ P.A.**
Counsel for Defendant, Boston Foundry, Inc.
d/b/a Made In Cookware
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
Telephone:      (954) 491-2000
Facsimile:      (954) 491-2051
E-Mail:           wsalim@mmsslaw.com
                     tarmbruster@mmsslaw.com
                     cleibovitz@mmsslaw.com

By:___/s/ William G. Salim_____
       WILLIAM G. SALIM
       Florida Bar No. 750379
       TODD A. ARMBRUSTER
       Florida Bar No. 188085

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2021, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using CM/ECF. I also certify that the Notice of Removal is being served this day on all counsel of   record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

**MOSKOWITZ, MANDELL, SALIM**
**& SIMOWITZ P.A.**
Counsel for Defendant, Boston Foundry, Inc.
d/b/a Made In Cookware
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
Telephone:      (954) 491-2000
Facsimile:      (954) 491-2051
E-Mail:         wsalim@mmsslaw.com
                tarmbruster@mmsslaw.com
                cleibovitz@mmsslaw.com

By:___/s/ William G. Salim_____
     WILLIAM G. SALIM
     Florida Bar No. 750379
     TODD A. ARMBRUSTER
     Florida Bar No. 188085

## SERVICE LIST

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi, PLLC
Counsel for Plaintiff, Samir Mekrami
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
E-Service:       jibrael@jibraellaw.com
                 tom@jibraellaw.com

Service by Notice of Electronic Filing
generated by CM/ECF

# EXHIBIT "A"

Case Number: CACE-21-001722 Division: 21

Filing # 120285888 E-Filed 01/26/2021 05:09:37 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

SAMIR MEKRAMI,
*individually and on behalf of all others*
*similarly situated,*

> **Plaintiff,**                                    **CIVIL ACTION SUMMONS**

v.

BOSTON   FOUNDRY,   INC.,   *doing*
*business as* MADE IN COOKWARE.,

> **Defendant.**

_____/

ABP#_____

DATE 2-2-21 TIME 11:45 am

**SUMMONS**   Name CMO   ~~Badge/ID#~~ PLE-

*** scan back executed ***   6008

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

> BOSTON FOUNDRY, INC., doing business as MADE IN COOKWARE
> c/o CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCO
> 211 E. 7TH STREET, SUITE 620
> AUSTIN, TX 78701

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____JAN 27 2021_____

Brenda D. Forman, Clerk of the Court

BRENDA D. FORMAN

PAGE | 1 of 3

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 01/26/2021 05:09:35 PM.****

By: _____
       As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Samir Mekrami</u>
Plaintiff                                                                Case # _____
                                                                          Judge _____

vs.

<u>Boston Foundry, Inc. dba Made In Cookware</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
　　☐ Business governance
　　☐ Business torts
　　☐ Environmental/Toxic tort
　　☐ Third party indemnification
　　☐ Construction defect
　　☐ Mass tort
　　☐ Negligent security
　　☐ Nursing home negligence
　　☐ Premises liability—commercial
　　☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　　☐ Commercial foreclosure
　　☐ Homestead residential foreclosure
　　☐ Non-homestead residential foreclosure
　　☐ Other real property actions

☐Professional malpractice
　　☐ Malpractice—business
　　☐ Malpractice—medical
　　☐ Malpractice—other professional
☒ Other
　　☐ Antitrust/Trade regulation
　　☒ Business transactions
　　☐ Constitutional challenge—statute or ordinance
　　☐ Constitutional challenge—proposed amendment
　　☐ Corporate trusts
　　☐ Discrimination—employment or other
　　☐ Insurance claims
　　☐ Intellectual property
　　☐ Libel/Slander
　　☐ Shareholder derivative action
　　☐ Securities litigation
　　☐ Trade secrets
　　☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Thomas John Patti III          Fla. Bar # 118377
           Attorney or party                  (Bar # if attorney)

Thomas John Patti III             01/26/2021
(type or print name)            Date

Filing # 120285888 E-Filed 01/26/2021 05:09:37 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No. CACE- 21-001722

SAMIR MEKRAMI,
*individually and on behalf of all others
similarly situated,*

        Plaintiff,

vs.

BOSTON FOUNDRY, INC., *doing
business as* MADE IN COOKWARE,

        Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Samir Mekrami ("Plaintiff") brings this class action against Defendant Boston Foundry, Inc., *doing business as* Made In Cookware ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.      This is a putative class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2.      To promote the sale of goods Defendant holds open for sale to consumers, e.g., pots, pans, and other cooking utensils, Defendant engages in unsolicited text messaging with no regard for consumers' privacy rights.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

4.     Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida, and the subscriber and user of the cellular telephone number ending in 7056 (the "7056 Number").

5.     Defendant is, and at all times relevant hereto was, a corporation organized under the laws of Delaware and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Austin, Texas. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

6.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $1,000,000 exclusive of interest, costs, and attorney's fees.

7.     Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida *via* an automated telephone dialing system ("ATDS") and without the requisite prior express written consent in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited text messages to Plaintiff in Florida. Plaintiff received such messages while residing in and physically present in Florida.

8.     Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

9.     Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## THE TELEPHONE CONSUMER PROTECTION ACT

10.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

12.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

13.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See* Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## FACTS

16.     On or about November-2020, Plaintiff observed an advertisement on television produced and/or created by Defendant. Said television advertisement (the "TV Ad") was specifically focused on the products Defendant was purportedly offering a "discount" on in light of the forthcoming "Black Friday Deals" event.

17.     As part of the TV Ad, Defendant directed Plaintiff to "Text 'COOK' to 88209 To Access Black Friday Deals."

18.     In response to the TV Ad, wherein Defendant asserted that Plaintiff was required to "Text 'COOK' to 88209 To Access Black Friday Deals," Plaintiff texted the word "COOK" to the short-code 88209 without intending to make any purchase and solely to gain access to the catalog of goods which were purportedly part of Defendant's "Black Friday Deals."

19.     Within moments of texting the word "COOK" to short-code 88209, Plaintiff received an automated text-message response from Defendant with a unique web-address (https://madein.attn.tv/l/VhK/V4Uv6) for Plaintiff to utilize to "access" Defendant's "Black Friday Deals."

20.     On November 27, 2020, for the limited purpose gaining "Access [to] Black Friday Deals," Plaintiff texted the word "COOK" to the short-code 88209.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

21.     Below is a copy of the automated text message Plaintiff received from Defendant after Plaintiff texted the word "COOK" to Defendant, whereby the *sole* reason Plaintiff texted the word "COOK" to Defendant was to "To Access Black Friday Deals:"



22.     Plaintiff used the web address provided by Defendant to observe said "Black Friday Deals" and, after reviewing the catalog of "Black Friday Deals" offered by Defendant, Plaintiff exited Defendant's website without making any purchase.

23.     Plaintiff's only interacted with Defendant on November 27, 2020, *in that*, Plaintiff simply texted the word "COOK" to observe the products Defendant was offering as part of Defendant's "Black Friday Deals."

24.     At no point in time did Plaintiff request or otherwise consent to receive any automated marketing text messages from Defendant.

25.     At no point in time did Defendant inform Plaintiff that Defendant would use an ATDS to send automated marketing text messages to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26.     At no point in time did Defendant obtain Plaintiff's express written consent to use an ATDS to send automated marketing text messages to Plaintiff.

27.     As stated above, the TV Ad directed Plaintiff to text the word "COOK" to short-code 88209 to "To Access Black Friday Deals," and as such, Plaintiff texted the word "COOK" to short-code 88209 and Defendant, *via* an automated text messaging platform, provided Plaintiff with "access" to the "Black Friday Deals."

28.     After the conclusion of Defendant's purported "Black Friday Deals," however, Defendant began sending unsolicited marketing text messages to Plaintiff, the likes of which have continued *long after* the conclusion of Defendant's purported "Black Friday Deals."

29.     Specifically, in the month of December-2020, **which was *after* Defendant had concluded its (Defendant's) alleged "Black Friday Deals,"** Defendant sent the following unsolicited text messages to Plaintiff:

24039 >

Text Message
Tue, Dec 22, 3:34 PM

Made In: Hello from your friends at Made In - this is our NEW number. Click the nifty contact card below to save us in your phone and never miss a new product launch or special offer!

Questions? Email hello@madeincookware.com | Msg frequency varies. Reply STOP to stop

88209 >

Made In: The holiday season is in full swing, and we're to help you cook AND gift like a pro.

Order by tomorrow, 12/15 at 1 PM ET for holiday delivery!

Shop Now: https:// madein.attn.tv/l/VGJ/V4Uv6

Sun, Dec 20, 1:37 PM

Free Overnight Shipping
ON ALL ORDERS
OVER $250



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30.     As recently as January 22, 2021, at 1:19 PM (EST), Defendant sent Plaintiff the below automated marketing text messages from short-code 24039 without the express written consent of Plaintiff:

> Made In: Our Entrée Bowl is a chef's favorite due to its versatility. You can plate hearty pasta dishes, colorful salads, and even luscious ice cream sundaes!
> Shop Now: https://madein.attn.tv/l/xzc/V4Uv6

31.     Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

32.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

33.     Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

34.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted using an ATDS.

35.     The impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the message.

36.     The numbers used by or on behalf of Defendant, *i.e.*, 88209 and 24039, are known as a "short codes." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

37.     The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a long-code short-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

38.     Upon information and belief, to send the text message, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

39.     The Platform has the capacity to store telephone numbers.

40.     The Platform has the capacity to generate sequential numbers.

41.     The Platform has the capacity to dial numbers in sequential order.

42.     The Platform has the capacity to dial numbers from a list of numbers.

43.     The Platform has the capacity to dial numbers without human intervention.

44.     The Platform has the capacity to schedule the time and date for future transmission of text messages.

## CLASS ALLEGATIONS

### PROPOSED CLASS

45.     Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of one class and is defined as:

> **No Consent Class:** All persons who from four years prior to the filing of this action until the date of a certification order [1] were sent a text message to his or her cellular phone number by Defendant or on Defendant's behalf [2] using the same equipment used to send the text messages to Plaintiff [3] for the purpose of advertising and/or promoting Defendant's property, goods, and/or services.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

47.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

48.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

49.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

50.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

51.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

52.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

53.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

54.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
*Individually and on behalf of the No Consent Class*

55.    Plaintiff re-alleges and incorporates paragraphs 1-44 as if fully set forth herein.

56.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

57.    The TCPA defines an "automatic telephone dialing system" (ATDS) as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. at § 227(a)(1).

58.    Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the No Consent Class.

59.    These calls were made without regard to whether Defendant had express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and/or the other members of No Consent Class when such calls were made.

60.    Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and/or the other members of the No Consent Class without their prior express consent.

PAGE | **11** of **13**

61.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future calls.

62.     WHEREFORE, Plaintiff, individually and on behalf of the other members of the No Consent Class, prays for the following relief:

(a)   A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

(b)   A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

(c)   An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express consent of the called party;

(d)   An award of actual, statutory damages, and/or trebled statutory damages; *and*

(e)   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

63.     Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

64.     Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: January 26, 2021

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.jibraellaw.com

Filing # 120285888 E-Filed 01/26/2021 05:09:37 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Samir Mekrami</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Boston Foundry, Inc. dba Made In Cookware</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☒ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1</u>

**VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☒ yes
     ☐ no

**VII.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ yes
     ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Thomas John Patti III</u>        Fla. Bar # <u>118377</u>
        Attorney or party                  (Bar # if attorney)

<u>Thomas John Patti III</u>          <u>01/26/2021</u>
(type or print name)           Date

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. CACE-21-001722

SAMIR MEKRAMI, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

BOSTON FOUNDRY, INC. d/b/a MADE
IN COOKWARE,

      Defendant.

_____/

### NOTICE BY DEFENDANT, BOSTON FOUNDRY, INC. d/b/a MADE IN COOKWARE, OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Defendant, Boston Foundry, Inc. d/b/a Made in Cookware ("Defendant"), by and through its undersigned counsel, hereby gives notice to this Court and all parties hereto that, pursuant to 28 U.S.C. §§ 1441 and 1446(d), Defendant has removed the instant action from this Court to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. A copy of the Notice of Removal which Defendant has filed in the United States District Court for the Southern District of Florida, Fort Lauderdale Division is attached hereto as Exhibit "A" and is incorporated by reference as if fully set forth.

Please take further notice that, pursuant to 28 U.S.C. § 1446, the filing of a Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Removal with this Court, effects the removal of the action and this Court may proceed no further unless and until the case is remanded.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed via the Florida Court E-File Portal on February 23, 2021. I also certify the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List, either via

transmission of Notices of Electronic Filing generated by the Florida Court E-File Portal or by U.S. mail for those counsel or parties who are not authorized to receive electronically filed pleadings in this action.

**MOSKOWITZ, MANDELL, SALIM & SIMOWITZ, P.A.**
Counsel for Defendant, Boston Foundry, Inc. d/b/a Made In Cookware
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
Telephone:     (954) 491-2000
Facsimile:     (954) 491-2051
E-Service:     wsalim@mmsslaw.com
               tarmbruster@mmsslaw.com
               cleibovitz@mmsslaw.com

By:     /s/ William G. Salim
        WILLIAM G. SALIM
        Florida Bar No. 750379
        TODD A. ARMBRUSTER
        Florida Bar No. 188085

## SERVICE LIST

Case No.   CACE-21-001722

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi, PLLC
Counsel for Plaintiff, Samir Mekrami
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
E-Service:   jibrael@jibraellaw.com
             tom@jibraellaw.com

2